**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: December 11 2012

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 12-33663 |
| | ) | |
| Stanley Blane Doremus, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER OF DISMISSAL

The court held a hearing on December 6, 2012, on the Chapter 7 Trustee's Motion to Dismiss Chapter 7 Petition [Doc. # 16] ("Motion"). The Chapter 7 Trustee appeared in person at the hearing. As will be explained below, Debtor, who is representing himself in this case, did not appear at the hearing.

The basis for the Chapter 7 Trustee's Motion is that Debtor did not appear at the meeting of creditors as scheduled to be held in the United States courthouse in Toledo on October 17, 2012, at 9:00 o'clock a.m. Moreover, the Trustee asserts that it would be a waste of time to reschedule it because all of the circumstances show that Debtor will not appear even if rescheduled. The court agrees.

Debtor filed his Chapter 7 petition on August 9, 2012. At that time, he appeared at intake in the Clerk's office with a recorder. Such devices are not permitted in either the courthouse building generally or the courtrooms specifically, both on the basis of the United States Marshal's routine security requirements and to maintain the integrity of the court record. Moreover, Debtor conducted his business with the Clerk at the filing if this case in what was perceived by Clerk's office personnel and confirmed by

Court Security Officers as being in a threatening, loud and unacceptable manner. The recording device was taken from him and he was escorted from the building that day after filing his case.

At a later date, Deputy United States Marshals Christopher G. Hodge and Rodney W. Hartzell visited Debtor at his home to explain court security procedures regarding recorders in the courthouse and courtrooms, including bankruptcy court, and security and judicial expectations regarding conduct in the courthouse. Since that time, Debtor has faxed or attempted to fax documents to court for filing, which is forbidden by Local Bankruptcy 5005-1, or has otherwise mailed them, which is permitted after the initial petition filing. On occasions when he has appeared in person at the courthouse, Debtor was asked by Court Security Officers to leave his recording device at the security station. When he refused to do so, he was not permitted entry into the building beyond the Court Security Officer station.

A pattern thus developed. Debtor would appear at the courthouse at or sometimes well before scheduled matters, be asked by the Court Security Officer on duty to turn over his recording device until he left the courthouse and, when he refused to do so, would not be permitted entry in to the building. Debtor also called court staff often, asking among other things whether he would be permitted to bring his recording device into the building or the courtroom. He would be told no and then indicate he would not appear because the recording device is "his memory," notwithstanding as he was informed that the court and the Trustee keep official records of their proceedings that he can obtain. Then, after the fact, Debtor would send faxes to the Clerk or file with the court by mail motions for a continuance, asking for matters to be rescheduled on the grounds that he had a migraine headache or another illness. *See* Doc. ## 30, 37; Adv. Pro. No. 12-3152, Doc. # 18.

As a result of these concerns, the Chapter 7 Trustee continued the meeting of creditors from the original date of October 5, 2012. More significantly, however, the Chapter 7 Trustee noticed the meeting of creditors to be held in the United States courthouse instead of at the Ohio Building, [Doc. #14], which is where the Office of the United States Trustee and the Department of Justice have space for Chapter 7 Panel Trustees and where meetings of creditors in this district are routinely held. The reason, as she stated at the hearing on the Motion, was to insure proper security for herself and any other meeting participants and to maintain the integrity of her record of proceedings.

Debtor did not appear at the meeting of creditors on October 17. As the Trustee reported at the Motion hearing, Debtor communicated with her in advance of the hearing on October 17 and stated he would not appear. After his failure to appear, the Trustee filed the Motion. In turn, Debtor filed by mail on

2

October 23, 2012, a motion to reschedule the meeting of creditors for another date and another location where he would be permitted to bring his recording device into the building and the meeting of creditors hearing. [*See* Doc. #18]. His motion stated that he had a migraine that day, but, belying the real reason for his request, also asked in paragraph two that the location of the meeting of creditors be the Ohio Building and not the United States courthouse. The court denied that motion by order entered on October 24, 2012, pursuant to Rule 2003 of the Federal Rules of Bankruptcy Procedure. [Doc. # 19].

And so the pattern was repeated on the day of the hearing on the Motion. The hearing was scheduled for 2:30 o'clock p.m. on December 6, 2012. As Court Security Officer Bill Grimm stated at the Motion hearing, several hours before the scheduled hearing time, Debtor appeared in person at the courthouse entrance and demanded that he be allowed to bring his recording device into the building. Officer Grimm told Debtor that he would not be permitted to bring the recording device into the building. Debtor stated he would not appear at the hearing. Later that afternoon, well before the hearing, Debtor also communicated by telephone with court staff to the same end. Upon being told that the hearing was important and that it would proceed without him if he did not appear, Debtor made several unacceptable demands of court staff.

Debtor did not appear for the hearing by 2:45 p.m. on December 6, 2012. The court therefore held the proceedings on the Motion without Debtor, hearing from the Trustee and Court Security Officer Grimm about their contacts with Debtor and the background of the scheduling of the meeting of creditors in the courthouse.

While the court does not disbelieve that Debtor is struggling with disability, the court nevertheless finds that Debtor's failure to appear at the meeting of creditors, and at other court proceedings, is instead motivated by his desire to bring a recording device into the courthouse, the meeting room and the courtroom, not by any physical inability to appear or to understand the import of the proceedings or to participate effectively in them. As an example, Debtor's appearance at the courthouse earlier in the day on December 6 as reported by Court Security Officer Grimm and Debtors' telephone contacts with court staff that day belie any inability to appear and to participate effectively in the proceedings on his case and on the Motion. Debtor, on the one hand, and the Chapter 7 Trustee and the court, on the other hand, have now reached an unresolvable impasse over the issue of the recording device in the courthouse and the courtroom.

The court finds that the foregoing circumstances constitute cause for dismissal of this case under § 707(a). 11 U.S.C. § 707(a). The meeting of creditors under § 341(a), 11 U.S.C. § 341(a), is critical to the

Trustee's proper and effective administration of the bankruptcy estate and performance of her duties under §§ 341(d) and 701, 11 U.S.C. §§ 341(d), 701, and that is especially true in the case of a *pro se* debtor. In the absence of a meeting of creditors, the Trustee is stymied in doing her job and the case simply cannot go forward. Moreover, the court finds that the Trustee's refusal to change the location of the meeting of creditors so that Debtor can bring a recorder into the meeting room is entirely reasonable under all of the circumstances outlined here. Ordinarily, a debtor who has missed a meeting of creditors would be afforded another opportunity to appear before dismissal. But Debtor did not miss his meeting of creditors by accident or mistake. The court finds that rescheduling the meeting would be futile. The case has now been pending for four months and is in no position to proceed. And there is no basis to find that it will be in a posture to permit the Trustee to investigate assets and liabilities and for Debtor to obtain a discharge, a condition of which is cooperation with the Trustee. *See* Fed. R. Bankr. P. 4002. Therefore, the case will be dismissed.

The Trustee asks that the dismissal be with prejudice. Under § 349(a), however, dismissal of a case is without prejudice unless otherwise ordered by the court. 11 U.S.C. § 349(a). Notwithstanding Debtor's non-appearance at the meeting of creditors and the difficulties outlined above, the court does not separately find cause at this time to specify that this dismissal be with prejudice or even with § 109(g) sanctions, 11 U.S.C. § 109(g). Under the plain language of § 109(g)(1), Debtor has not disobeyed any orders of the court. He has failed to appear before the court in proper prosecution of the case. But the instances in which he has failed to appear, such as at the hearing on the Motion, were not matters where the court had ordered him to appear. Rather it has been Debtor's determined choice not to appear because he will not be permitted to bring his recording device into the courthouse building and courtroom. And while Debtor has clearly failed to appear before the Chapter 7 Trustee, which is mandatory, and the administration of the estate and the performance of the Trustee's duties cannot properly proceed, the failure to appear before the Trustee in the absence of a court order to appear is not a statutory ground for § 109(g) sanctions. This dismissal will therefore be without prejudice.

**THEREFORE,** good cause appearing,

**IT IS ORDERED** that the Chapter 7 Trustee's Motion to Dismiss Chapter 7 Petition [Doc. # 16] is hereby **GRANTED in part,** to the extent of the requested dismissal of the case, **and DENIED in part,** to the extent the dismissal is requested to be with prejudice; and

**IT IS FURTHER ORDERED** that the above captioned Chapter 7 case be, and hereby is,

**DISMISSED** for cause, without prejudice; and

**IT IS FINALLY ORDERED** that the Clerk, U.S. Bankruptcy Court, serve a notice of this Order of Dismissal upon Debtor, the Chapter 7 Trustee, and all Creditors and parties in interest.

###