**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: December 17 2012

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 12-33663 |
| | ) | |
| Stanley Blane Doremus, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

**ORDER**

The court held a hearing on December 6, 2012, on the Chapter 7 Trustee's Motion to Dismiss Chapter 7 Petition [Doc. # 16]. The Chapter 7 Trustee appeared in person at the hearing. As will be explained below, Debtor, who is representing himself in this case, did not appear at the hearing. On December 10, 2012, the court received a document in the mail that the court construes in part as, and that has been docketed as, a motion to continue the December 6 hearing. [Doc. # 37]. The document also requests certain affirmative relief with respect to a Toledo Municipal Court proceeding.

The basis for the Chapter 7 Trustee's underlying motion to dismiss was that Debtor did not appear at the meeting of creditors as scheduled to be held in the United States courthouse in Toledo on October 17, 2012, at 9:00 o'clock a.m.

Debtor filed his Chapter 7 petition on August 9, 2012. At that time, he appeared at intake in the Clerk's office with a recorder. Such devices are not permitted in either the courthouse building generally or the courtrooms specifically, both on the basis of the United States Marshal's routine security

requirements and to maintain the integrity of the court record. Moreover, Debtor conducted his business with the Clerk at the filing if this case in what was perceived by Clerk's office personnel and confirmed by Court Security Officers as being in a threatening, loud and unacceptable manner. The recording device was taken from him and he was escorted from the building that day after filing his case.

At a later date, Deputy United States Marshals Christopher G. Hodge and Rodney W. Hartzell visited Debtor at his home to explain court security procedures regarding recorders in the courthouse and courtrooms, including bankruptcy court, and security and judicial expectations regarding conduct in the courthouse. Since that time, Debtor has faxed or attempted to fax documents to court for filing, which is forbidden by Local Bankruptcy 5005-1, or has otherwise mailed them, which is permitted after the initial petition filing. On occasions when he has appeared in person at the courthouse, Debtor was asked by Court Security Officers to leave his recording device at the security station. When he refused to do so, he was not permitted entry into the building beyond the Court Security Officer station.

A pattern thus developed. Debtor would appear at the courthouse at or sometimes well before scheduled matters, be asked by the Court Security Officer on duty to turn over his recording device until he left the courthouse and, when he refused to do so, would not be permitted entry in to the building. Debtor also called court staff often, asking among other things whether he would be permitted to bring his recording device into the building or the courtroom. He would be told no and then indicate he would not appear because the recording device is "his memory," notwithstanding as he was informed that the court and the Trustee keep official records of their proceedings that he can obtain. Then, after the fact, Debtor would send faxes to the Clerk or file with the court by mail motions for a continuance, asking for matters to be rescheduled on the grounds that he had a migraine headache or another illness. *See* Doc. ## 30, 37; Adv. Pro. No. 12-3152, Doc. # 18.

As a result of these concerns, the Chapter 7 Trustee continued the meeting of creditors from the original date of October 5, 2012. More significantly, however, the Chapter 7 Trustee noticed the meeting of creditors to be held in the United States courthouse instead of at the Ohio Building, [Doc. #14], which is where the Office of the United States Trustee and the Department of Justice have space for Chapter 7 Panel Trustees and where meetings of creditors in this district are routinely held. The reason, as she stated at the December 6 hearing on her motion to dismiss, was to insure proper security for herself and any other meeting participants and to maintain the integrity of her record of proceedings.

Debtor did not appear at the meeting of creditors on October 17. As the Trustee reported at the

December 6 hearing, Debtor communicated with her in advance of the hearing on October 17 and stated he would not appear. After his failure to appear, the Trustee filed the motion to dismiss. In turn, Debtor filed by mail on October 23, 2012, a motion to reschedule the meeting of creditors for another date and another location where he would be permitted to bring his recording device into the building and the meeting of creditors hearing. [*See* Doc. #18]. His motion stated that he had a migraine that day, but, belying the real reason for his request, also asked in paragraph two that the location of the meeting of creditors be the Ohio Building and not the United States courthouse. The court denied the Debtor's motion by order entered on October 24, 2012, pursuant to Rule 2003 of the Federal Rules of Bankruptcy Procedure. [Doc. # 19].

And so the pattern was repeated on December 6, the day of the hearing on the motion to dismiss that Debtor now asks after the fact to have continued. The hearing was scheduled for 2:30 o'clock p.m. on December 6, 2012. As Court Security Officer Bill Grimm stated at the December 6 hearing, several hours before the scheduled hearing time, Debtor appeared in person at the courthouse entrance and demanded that he be allowed to bring his recording device into the building. Officer Grimm told Debtor that he would not be permitted to bring the recording device into the building. Debtor stated he would not appear at the hearing. Later that afternoon, well before the hearing, Debtor also communicated by telephone with court staff to the same end. Upon being told that the hearing was important and that it would proceed without him if he did not appear, Debtor made several unacceptable demands of court staff.

Debtor did not appear for the hearing by 2:45 p.m. on December 6, 2012. The court therefore held the proceedings on the Trustee's motion to dismiss without Debtor, hearing from the Trustee and Court Security Officer Grimm about their contacts with Debtor and the background of the scheduling of the meeting of creditors in the courthouse.

While the court does not disbelieve that Debtor is struggling with disability, the court nevertheless found that Debtor's failure to appear at the meeting of creditors, and at other court proceedings, was instead motivated by his desire to bring a recording device into the courthouse, the meeting room and the courtroom, not by any physical inability to appear or to understand the import of the proceedings or to participate effectively in them. As an example, Debtor's appearance at the courthouse earlier in the day on December 6 as reported by Court Security Officer Grimm and Debtors' telephone contacts with court staff that day belie any inability to appear and to participate effectively in the proceedings on his case and on the Motion if he chose to do so

. The court found that these circumstances constituted cause for dismissal of this case under § 707(a),

3

11 U.S.C. § 707(a), and orally granted the Trustee's motion to dismiss at the hearing. The written order memorializing the oral ruling granting the motion was entered on December 11, 2012.

The basis for Debtor's requested continuance is that he communicated in advance of the December 6 hearing that he had a migraine and that he would not be attending. This motion simply continues the same pattern that Debtor has established in his dealings with the court as described above. While the court acknowledges that Debtor communicated with court staff before the December 6 hearing, the court has already determined that the reason for his non-appearance is his refusal to relinquish his recording device to the Court Security Officers as a condition of entrance to the courthouse and the courtroom. Based on the findings and the reasons described above, at the December 6 hearing and in the court's written order granting the motion to dismiss, the court rejects the grounds stated as the purported basis for the requested continuance of the hearing. Moreover, the motion for a continuance is untimely. Debtor continues now to obfuscate and to avoid appearing in proper prosecution of his case because of the recording device issue. The motion will therefore be denied to the extent Debtor seeks in it an after-the fact continuance of a hearing that was held on December 6, 2012, and that he was told would be held, even if he failed to appear.

Debtor's motion is also not well-taken to the extent he seeks affirmative relief with respect to an action pending in the Toledo Municipal Court. The party or parties involved in that action have not been served with Debtor's motion papers. And to the extent Debtor seeks "reinstatement of the stay," the request is moot. As a result of dismissal of this case, the automatic stay of 11 U.S.C. § 362(a) is no longer in effect.

**IT IS THEREFORE ORDERED** that Debtor's "Motion(s)/Actions(s): A: Continuance, Memory/Migraines B: Request Default Judgment/Case Dismissal of 11/30/2012 by Toledo Municipal Court be Stricken/Overturned, Reinstate Stay, Case CVF-12-09937 C: Regarding Memory Devices and Barring Plaintiff's Access: Request Court accept one of the 8 options Plaintiff asserted via Telephone" [Doc. # 37] is hereby **DENIED.**

###

4

12-33663-maw    Doc 40    FILED 12/17/12    ENTERED 12/17/12 12:51:21    Page 4 of 4